IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| TRACIA WALTERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GOVERNMENT OF THE VIRGIN | : | |
| ISLANDS, et al. | : | NO. 12-109 |

MEMORANDUM

Bartle, J.                                                May 6, 2015

      Plaintiff Tracia Walters has filed this action asserting due process violations, unlawful employment practices, and breach of contract and of the covenant of good faith and fair dealing against her former employer, the Government of the Virgin Islands.[1]  Plaintiff had been an employee in the Virgin Islands Department of Labor but had transferred to the Police Department as a Police Recruit at the time of termination.

      She alleges that she was subjected to harassment on the basis of her sex after she injured her ankle during the course of a 6-month law enforcement training course.  She further claims that she was abruptly terminated without any opportunity to transfer back to the Department of Labor or any other agency within the territorial government.

      Defendant has moved to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1]  Plaintiff has also sued the Virgin Islands Police Department, which is "an executive department in the Government of the Virgin Islands."  V.I. Code Ann. tit. 3, § 251.  We treat it and the Government of the Virgin Islands as one defendant.

When deciding a motion to dismiss under Rule 12(b)(6), we must determine whether the pleading at issue "contain[s] sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 556 U.S. at 679). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

On a motion to dismiss, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed. 1990)). The court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Id.

The following facts for present purposes are accepted as true and in the light most favorable to plaintiff. Plaintiff began her employment with the Virgin Islands Department of Labor

-2-

in 2009 as an Employment Services Interviewer.  Her annual salary was $21,567.  On December 13, 2010 she was transferred to the Virgin Islands Police Department Training Bureau as a Police Recruit, where she was paid an annual salary of $27,753.

Plaintiff was required to complete successfully a six-month police academy training as a term of her employment.  Five months into the training program she injured her knee while on the Police Department's premises.  While plaintiff did not know the extent of her injury, she immediately notified defendant of its occurrence and the possibility that she might need medical attention.

Her injury persisted, and she was forced to seek out the care of a physician.  Plaintiff's doctor notified defendant that she was under his care, and he gave it continuing updates on her progress.  Plaintiff had to refrain from strenuous activity until she was released from treatment.

After her injury, plaintiff avers that she requested accommodations for her condition from defendant.  Defendant, however, failed to heed her request.  It purportedly viewed plaintiff, unlike her male counterparts, as lacking the ability and perseverance to complete the training.  Plaintiff was constantly reminded that as a female she could not perform on the same physical level as male recruits.  Nonetheless,

plaintiff attempted to continue with the training program after her injury.

The last month of the program included many strenuous activities and a physical fitness test. Plaintiff failed to meet the minimum physical fitness standards. Citing this failure, defendant terminated her employment on April 29, 2011. It invited her to reapply should she be able to pass the fitness test successfully. While plaintiff alleges that she had exceeded the requirements to be an auxiliary officer, she was not offered such a position.

Plaintiff brings six counts in her amended complaint. In Count I she alleges that defendant's conduct deprived her of her property interest in continued employment without due process of law, which claim she asserts under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 48 U.S.C. § 1561. Count II is a claim for disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Counts III and IV allege sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Virgin Islands Civil Rights Act ("VICRA"), V.I. Code Ann. tit. 10, §§ 1 et seq., respectively. Plaintiff asserts a breach of her employment contract in Count V, and in Count VI she claims that defendant has breached the covenant of good faith and fair dealing.

We begin with Count I, plaintiff's due process claim under § 1981, § 1983, and 48 U.S.C. § 1561.  Plaintiff contends that she had a property interest in continued employment and was deprived on any option to transfer back to the Department of Labor or another government agency without any notice or hearing.  Section 1981 provides in relevant part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  By its plain terms, § 1981 applies only to cases of race discrimination.  Id.; see also Runyon v. McCrary, 427 U.S. 160, 167 (1976).  Plaintiff has not alleged any such discrimination here, and thus her reliance on § 1981 is misplaced.

Plaintiff also seeks redress for alleged due process violations under § 1983.  Section 1983 provides a cause of action for individuals deprived of federal rights under color of state or territorial law.  42 U.S.C. § 1983.  The relevant portion of the statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to

-5-

>be subjected, any citizen of the United
>States or other person within the
>jurisdiction thereof to the deprivation of
>any rights, privileges, or immunities
>secured by the Constitution and laws, shall
>be liable to the party injured....

Id.  Neither the Government of the Virgin Islands nor its agencies, including the Virgin Islands Police Department, are "person[s]" amenable to suit under § 1983.  McCauley v. Univ. of the V.I., 618 F.3d 232, 240 (3d Cir. 2010); Looby v. Dawson, Civil Action No. 06-208, 2007 WL 3171935, at *4 (D.V.I. Oct. 19, 2007).  Section 1983 is therefore equally unavailing.  We further note that 48 U.S.C. § 1561 applies the Due Process Clause of the Fourteenth Amendment to the Virgin Islands, but nowhere does the statute grant any independent cause of action beyond that already provided in § 1983.  48 U.S.C. § 1561; see also Thorstenn v. Barnard, 883 F.2d 217, 218 (3d Cir. 1989).  Count I of the amended complaint will therefore be dismissed for failure to state a claim upon which relief can be granted.

As noted above, in Count II plaintiff brings a claim for disability discrimination under the ADA, and in Count III she contends that defendant discriminated against her on the basis of sex in violation of Title VII.  A plaintiff seeking relief under these statutes must first exhaust his or her administrative remedies by filing a complaint with the Equal Employment Opportunity Commission and receiving a "right-to-sue" letter.  42 U.S.C. §§ 2000e-5(e)(1), (f)(1), 12117(a).  As

-6-

defendant rightly notes, nowhere in the amended complaint does plaintiff aver that she fulfilled this requirement. Counts II and III will also be dismissed.

Defendant contends that Count IV, which is plaintiff's claim for sex discrimination under the VICRA, must also fail because the statute contains no private cause of action. Chapter 5 of the VICRA prohibits discrimination by an employer on the basis of a person's sex:

> It shall be an unlawful discriminatory practice... [f]or an employer, because of ... sex ... of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

V.I. Code Ann. tit. 10, § 64(1)(a). Chapter 5 also creates a Virgin Islands Civil Rights Commission which is charged with enforcing the rights protected by the statute. Id. §§ 62, 63, 71.

This court had reached conflicting conclusions on the question of whether Chapter 5 created a private claim for relief. See Wilson v. V.I. Water & Power Auth., 470 F. App'x 72, 76 (3d Cir. 2012). On November 15, 2011, after these decisions were handed down, the Governor of the Virgin Islands signed a law revising the statute to provide: "[A]ny person who has been discriminated against as defined in this section may bring an action for compensatory and punitive damages in any

-7-

court of competent jurisdiction." Act No. 7323, 29th Legislature § 1(e) (2011) (codified at V.I. Code Ann. tit. 10, § 64(15)).

With this revision the statute plainly provides a claim for relief, but the act revising the statute was signed into law over six months after plaintiff's alleged termination. It bore no specific effective date. Title 1, § 52 of the Virgin Islands Code establishes in relevant part: "Unless otherwise specifically provided therein, the effective date of bills enacted by the Legislature shall be the date of approval of same by the Governor...." The plain terms of § 52 appear to prevent plaintiff from taking advantage of the private cause of action now present, and the Attorney General of the Virgin Islands has opined that a law "is to be applied retroactively only if specifically stated in the act." See 7 V.I. Op. Att'y Gen. 130, 131-32 (1973). This court has previously held, however, that § 52 does not foreclose retroactive application of a remedial statute which bears no explicit effective date. Edwards v. Vitelco, Civil Action No. 284-73, 1975 WL 401433, at *1 (D.V.I. June 9, 1975).

Nonetheless, we need not decide whether the statute provides plaintiff a private cause of action because she fails to allege sufficient factual matter to make her claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 570 (2007).  With respect to plaintiff's claims of sex discrimination, the amended complaint states, for example, that "Defendant[] ... perceived Plaintiff as weak and disabled, lacking the ability and perseverance to complete the physical training requirements like her male counterparts."  It further alleges that defendant:  "engaged in a pattern and practice of harassing and frustrating Plaintiff"; failed to offer her an auxiliary officer position unlike "similarly situated male counterparts"; and terminated her employment on the basis of disqualifying test scores "even though Plaintiff had received scores that were better than her male counterparts, none of whom were exposed to sex based comments."

Bare allegations of this sort are insufficient to make plaintiff's claim plausible.  She does not allege which tests she failed, which she passed, what the required minimum passing scores were, or what the scores were of any male trainee purportedly treated more favorably.  While she claims to have been subjected to ridicule on the basis of her sex, she says nothing about what was said or when, who said it, or the circumstances in which these incidents occurred.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678. Plaintiff has merely alleged in conclusory fashion and without

-9-

any facts that defendant harassed and discriminated against her. She has failed to state a claim in Count IV of the amended complaint.

Finally, Counts V and VI allege that defendant breached a contract and the covenant of good faith and fair dealing, respectively.  An action for breach of contract requires four elements in the Virgin Islands:  "(1) an agreement; (2) a duty created by the agreement; (3) a breach of that duty; and (4) damages."  Liburd v. Gov't of the V.I., Civil Action No. 11-020, 2013 WL 960780, at *10 (D.V.I. Mar. 13, 2013).  Similarly, to set forth a claim for breach of the covenant of good faith and fair dealing, a plaintiff must allege:  "(1) that a contract existed between the parties, and (2) that, in the performance of the contract, the opposing party engaged in conduct that was fraudulent, deceitful, or otherwise inconsistent with the purpose of the agreement or the reasonable expectations of the parties."  LPP Mortg. Ltd. v. Prosper, Civil Action. No. 06-180, 2008 WL 5272723, at *2 (D.V.I. Dec. 17, 2008).

In this matter, plaintiff contends that she had an employment contract pursuant to the "Personnel Merit System" as codified in the "Virgin Islands Code, Title 3."  She further argues that the Police Department Manual created an enforceable contract between her and defendant.  Nowhere, however, does she

allege what the specific terms of any employment contract were or how they were breached.

In any event, we note that under Title 3 of the Virgin Islands Code, § 451a, a "trainee[] [employed] for not more than one six-month period" occupies an "exempt position[]." Employees in exempt positions, which are also known as "unclassified" positions, can be terminated without cause. <u>Iles v. de Jongh</u>, 638 F.3d 169, 173 (3d Cir. 2011); V.I. Code Ann. tit. 3, § 451a(d). In the "Notice of Personnel Action" transferring plaintiff from the Department of Labor to the Police Department plaintiff's employee status was described as "TEMPORARY UNCLASSIFIED."[2]

Thus, even if plaintiff had sufficiently alleged a contract on the basis of Virgin Islands law or the Police Department Manual, she does not explain how her termination for failing to meet physical fitness requirements and without any notice or hearing is a breach. While plaintiff appears to claim a right to pre-termination procedures by virtue of the fact that she was previously employed in the Department of Labor, she has failed to cite any authority or allege any facts supporting her position. Nor does plaintiff cite any authority for the

---

[2] The defendant attached the Notice of Personnel Action to their motion to dismiss. We may consider it as an indisputably authentic document upon which the amended complaint is based. <u>Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).

-11-

proposition that she was entitled to some other position before being terminated.

Accordingly, the amended complaint will be dismissed.